NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUTH KORONTHALY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>L'OREAL USA, INC., a New York Corporation, and THE PROCTOR & GAMBLE DISTRIBUTING LLC, an Ohio Corporation,<br><br>Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 07-CV-5588 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Plaintiff Ruth Koronthaly's ("Plaintiff") motion for reconsideration pursuant to L. Civ. R. 7.1(i) and Plaintiff's motion for leave to file a second Amended Complaint. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiff's motion for reconsideration pursuant to L. Civ. R. 7.1(i) is **denied**; Plaintiff's motion for leave to file a second Amended Complaint is **denied**.

I. **BACKGROUND**

A. **Factual History**

On October 11, 2007, Plaintiff discovered that she purchased lipstick containing lead, in levels between .12 parts per million ("ppm") and .65ppm. On that day, the Campaign for Safe

Cosmetics ("CFS") published a report, naming specific lipsticks containing allegedly dangerous levels of lead.  CFS's report stipulates that L'Oreal's "Colour Riche True Red" contained between .50ppm and .65ppm; Cover Girl's "Incredifull Lipcolor Maximum Red" contained between .12ppm and .56ppm; Maybelline NY's "Moisture Extreme Midnight Red" contained .18ppm; and Maybelline NY's "Moisture Extreme Scarlet Simmer" contained .11ppm.  These levels were alleged to be dangerous based on a comparison to the U.S. Food and Drug Administration's ("FDA") limit of .1ppm for levels of lead in candy, established to prevent the direct ingestion of lead by children.

Plaintiff, a regular user of these products, complains that Defendant Proctor and Gamble Distributing LLC ("P&G") and Defendant L'Oreal USA, Inc. ("L'Oreal," collectively with "P&G," "Defendants") did not recall the subject lipstick products, offer compensation for the allegedly defective products or change their marketing strategies after the study by CFS was published.  Plaintiff asserts that Defendants engaged in "misleading, inaccurate, and deceptive practices." Plaintiff further asserts that Defendants "negligent and reckless conduct...have exposed [Plaintiff] to a known hazardous substance."  Plaintiff claims that such egregious conduct entitles her to recover the purchase price of the lipstick products in question and to obtain the costs of diagnostic testing for potential lead poisoning.  Plaintiff requests such relief on the basis that she has been injured by mere exposure to lead-containing lipstick and by her increased risk of being poisoned by lead.  Plaintiff further suggests that she is entitled to such relief because she would not have purchased the lipstick had she known of its lead content.

Plaintiff has not, however, complained of any manifest injuries.  Plaintiff has not rebutted

2

Defendants' assertion that the FDA does not regulate the presence of lead in lipstick, a product inadvertently ingested, despite the fact that the FDA does regulate the presence of lead in candy, a product directly ingested in large quantities.

**B.      Procedural History**

On March 11, 2008, Plaintiff filed her Amended Complaint as a class action, pursuant to Fed. R. Civ. P. 23(a), (b)(1)-(3). Plaintiff's Amended Complaint alleges seven causes of action: violation of consumer protection laws under the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. § 56:8-1 et seq. (Count I); breach of implied warranty pursuant to the Uniform Commercial Code ("UCC") (Count II); breach of implied warranty pursuant to the Magnuson-Moss Warranty Act ("Magnuson-Moss") (Count III); strict liability (Count IV); Negligence *Per Se* (Count V); Unjust Enrichment (Count VI); and injunctive relief pursuant to 21 U.S.C § 331 (Count VII).

P&G filed a motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted.

L'Oreal filed a motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted.

On July 25, 2008, by Opinion and Order the Court granted P&G's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and L'Oreal's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The Court denied as moot P&G's motion to dismiss pursuant to Fed. R. Civ. P.12(b)(6). On August 12, 2008, Plaintiff filed a motion for reconsideration. On August 13,

2008, Plaintiff filed a motion for leave to file a Second Amended Complaint.  On September 22, 2008, Plaintiff filed a request for leave to provide supplemental authority in support of both of her motions.

**II.     STANDARD OF REVIEW**

    **A.     L. Civ. R. 7.1(i)**

Motions for reconsideration in this District are governed by Local Civil Rule 7.1(i). Local Rule 7.1(i) provides that a party may file a motion for reconsideration "within ten (10) business days after entry of the Order or Judgment on the original motion by the Judge or Magistrate Judge."  A motion pursuant to Local Rule 7.1(i) may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993); see also North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).  Such relief is "an extraordinary remedy" that is to be granted "very sparingly."  See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).  Local Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision.  See Bermingham v. Sony Corp. Of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994).  In other words, a motion for reconsideration is not an appeal.  It is improper on a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through - rightly or wrongly."  Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990)).

### B.      Standard Of Review For Leave to File A Post Dismissal Amended Complaint

A plaintiff may obtain leave of the Court to amend its Complaint pursuant to Fed. R. Civ. P. 15(a) prior to a determination having been rendered.  Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  This liberal standard, however, is not the appropriate standard where the court has already dismissed the complaint.  See Cooper Hosiery Mills, Inc. v. Honeywell International, Inc., WL 1782341 at *2 (D.N.J. 2008).  Instead, a plaintiff seeking to amend a complaint after its dismissal must move to alter or amend the Court's original judgment.  This can be done pursuant to Fed. R. Civ. P. 59(e) or 60(b) or, as is the case here, a plaintiff may seek reconsideration of the Court's original determination and if granted, the plaintiff can seek to amend her Complaint pursuant to Fed. R. Civ. P. 15(a).

### i.      Fed. R. Civ. P. 59(e)

Fed. R. Civ. P. 59(e) provides that a motion to alter or amend a judgment must be filed no later than ten (10) days after the entry of a judgment.  The District Court loses jurisdiction to hear such a motion after the time limit has expired.  See Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 263 fn 7, 98 S.Ct. 556, 560 (1978); see also Kraus v. Consolidated Rail Corp., 899 F.2d 1360, 1362 (3d Cir. 1990) (holding it "undoubtedly correct" that "the ten day time period established by Rule 59(e) for filing a motion to alter or amend the judgment is jurisdictional, and…the District Court has no power to enlarge it").  Where the ten (10) day limitation has expired a party seeking to alter or amend a judgment can turn to Fed. R. Civ. P. 60(b).

Motions to alter or amend made pursuant to Rule 59(e) can only be granted where: "(1)

an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises." Gutierrez v. Ashcroft, 289 F.Supp.2d 555, 561 (D.N.J. 2003) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995)). In addition, "requests pursuant to [Rule 59(e)] are to be granted 'sparingly,' …and only when 'dispositive factual matters or controlling decisions of law' were brought to the court's attention, but not considered." Id. (citing Pelham v. United States, 661 F.Supp. 1063, 1065 (D.N.J. 1987)).

### i.      Fed R. Civ. P. 60(b)

Fed. R. Civ. P. 60(b) sets forth six (6) specific grounds upon which a plaintiff can obtain post judgment leave to amend its Complaint.  These grounds are:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

If it can not be demonstrate that at least one of the above grounds applies, then the plaintiff is not entitled to post judgment leave to amend.

## III. DISCUSSION

### A. Plaintiff's Motion For Reconsideration

Plaintiff seeks reconsideration of this Court's July 25, 2008, Opinion and Judgment based on her belief that the Court overlooked the essence of her Complaint by analyzing her claims pursuant to product liability standards. Plaintiff contends that her claims founded in consumer fraud satisfy the Article III standing requirements that the Court found lacking. Specifically, Plaintiff alleges that she would not have bought Defendants products had she known of their lead content and that this constitutes an injury-in-fact/ascertainable loss necessary to meet the standing requirements of and to state a claim upon which relief can be granted under the New Jersey Consumer Fraud Act ("CFA"). P&G correctly argues that Plaintiff has not identified the matter or controlling decisions which Plaintiff believes the Court overlooked. Plaintiff's moving papers present no case law which she had not presented to the Court in her previous fillings.[1]

As highlighted by P&G, Plaintiff's argument for reconsideration is based upon her belief that the Court misunderstood her Complaint and that actions sounding in consumer fraud have a different threshold for Article III standing than product liability cases. Plaintiff is in fact attempting to recapitulate the claims raised in her original pleadings. The Court was aware of Plaintiff's CFA claims and provided authority to support its conclusion that no matter what the basis of a claim, an injury-in-fact capable of conferring Article III standing "must not be

---

[1] The Court recognizes that Plaintiff has filed a motion for leave to submit supplemental authority, namely a recent opinion which discusses consumer fraud claims brought in part pursuant to New Jersey law. The Court has reviewed the In Re Ford Motor Co. E-350, No. 03-4558 slip op. (D.N.J. Sept. 3, 2008) opinion and concludes that this opinion is not inconsistent with the Courts original determination in this matter.

7

subjective." Whitmore v. Arkansas, 495 U.S. 149, 154-55 (1990).

Plaintiff's Complaint is based on the allegation that Defendants' lipstick products contain dangerous quantities of lead and that Defendants intentionally concealed this fact. The FDA does not regulate the lead content in lipstick and lipstick is only incidentally ingested. As stated in the Court's Opinion, Plaintiff has provided no authoritative evidence that the lead levels in Defendants' lipstick products constitute a dangerous amount or is in some way prohibited. Therefore, Plaintiff's contention that Defendants' failure to provide the lead content of its lipstick products constitutes conduct that mislead Plaintiff into purchasing a product she otherwise would not have is not supported by evidence.

Plaintiff's CFA claims fail to meet the specificity requirements of Fed. R. Civ. P. 9(b). As discussed in the original opinion, Plaintiff has not identified an injury-in-fact. Moreover, Plaintiff has not established a factual basis for an "unlawful act." Plaintiff does not allege facts that could support an argument that the value of Defendants' lipstick products is less because of the their lead content. Even if the Court accepts Plaintiff's contention and assumes that to her, the lipstick lost value. This is a purely subjective allegation of harm.

Plaintiff has not raised any new controlling law or fact which was not originally available nor has the Plaintiff identified a manifest error which warrants reconsideration of the Court's original determination in this matter. Therefore, Plaintiff's motion for reconsideration pursuant to L.Civ. R. 7.1(i) is **denied**.

### B. Plaintiff's Motion For Leave To File An Amended Complaint

Plaintiff stipulated in her reply to Defendants' briefs in opposition to her motion for leave to file an Amended Complaint that her motion was intended to be read in *pari materia* with her motion for reconsideration. Since the Court has denied her motion for reconsideration Plaintiff's motion for leave to file an amended complaint also fails. Had Plaintiff's motion for reconsideration been granted, the Court would have considered Plaintiff's motion under the liberal Rule 15(a) standard. The Court's denial of Plaintiff's reconsideration motion however, compels consideration of Plaintiff's motion for leave to file an Amended Complaint as a post judgment motion pursuant to Fed. R. Civ. P. 59(e) or 60(b).

Plaintiff's motion for leave to file an Amended Complaint if filed pursuant to Fed. R. Civ. P. 59(e), would still be denied because it was not filed within the ten (10) day time frame required by the Rule. Where, as in the instant situation, a motion to alter or amend the Court's original judgment pursuant to Fed. R. Civ. P. 59(e) is filed later then ten (10) days after the Court rendered its judgment, the Court loses jurisdiction to hear the motion. See Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 263 fn 7, 98 S.Ct. 556, 560 (1978); see also Kraus v. Consolidated Rail Corp., 899 F.2d 1360, 1362 (3d Cir. 1990).

If the Court were to consider Plaintiff's motion for leave to file an Amended Complaint as a motion to alter or amend the Court's judgment pursuant to Fed. R. Civ. P. 60(b) the motion would again fail. Rule 60(b) provides six (6) possible grounds for the Court to grant a motion to alter or amend a previous judgment. Of the six (6) possible grounds, none are relevant here. The record does not support a determination that fraud, mistake, inadvertence, surprise, or excusable

9

neglect occurred. Plaintiff did not submit newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b). As provided for above, the Court has not voided its original determination. The fifth ground is in no way applicable and the Court can find no other reason that would justify relief.

Plaintiff's motion for leave to file an Amended Complaint can not be considered as a motion pursuant to 15(a) because the Court has dismissed Plaintiff's Complaint and has denied Plaintiff's motion for reconsideration. Even if the Court were to consider Plaintiff's motion pursuant to rules that allow for altering or amending a judgment, Plaintiff's motion would still be unsuccessful. Plaintiff's motion for leave to file an Amended Complaint is **denied.**

### IV.   CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiff's motion for reconsideration pursuant to Fed. R. Civ. P. 7.1(i) is **denied**; Plaintiff's motion for leave to file a second Amended Complaint is **denied**. An appropriate Order accompanies this Opinion.

 S/   Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:           October  23 , 2008
Orig.:          Clerk
cc:             All Counsel of Record
                Hon. Mark Falk, U.S.M.J.
                File